IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DEBORAH THERESA MEEKS | § | |
|     REG. ID. 06732-043 | § | |
| V. | § | C.A. NO. C-05-267 |
| | § | |
| WARDEN, FCI BRYAN, TEXAS | § | |

## MEMORANDUM AND RECOMMENDATION TO DISMISS

In this § 2241 habeas corpus action, petitioner Deborah Theresa Meeks ("Meeks") challenges the application of good conduct time by the Bureau of Prisons ("BOP") pursuant to 18 U.S.C. § 3624(b). (D.E. 1). For the reasons stated herein, it is respectfully recommended that this action be summarily dismissed for failure to state a violation upon which habeas corpus relief can be granted.

## JURISDICTION

The Court has jurisdiction pursuant to 28 U.S.C. § 2241.

## BACKGROUND FACTS AND PETITIONER'S ALLEGATION

The United States District Court for the Southern District of Mississippi sentenced Meeks to 71 months in the BOP. (D.E. 1, at 2). The BOP has calculated Meeks's projected release date as being October 3, 2007, with a full term release date of July 7, 2008. (D.E. 1, at 8-10).

Meeks asserts that, under 18 U.S.C. § 3624(b), she is entitled to be awarded 54 days of credit for each year of her prison term, as *imposed* by the sentencing

court, whereas the BOP, pursuant to Program Statement 5880.28, is computing such credit based on each year *served*. (D.E. 1); see generally White v. Scibana, 314 F. Supp.2d 834 (W.D. Wis. 2004). Meeks argues that, because the BOP bases its calculations on actual time served rather than the sentence imposed, the maximum allowable good conduct time a prisoner can actually be awarded is 47 days a year. (D.E. 1); see generally White, 314 F. Supp.2d at 836-38. Under the BOP's interpretation of § 3624(b), Meeks has the potential to earn only 278 days good conduct time, resulting in a projected release date of October 3, 2007. (D.E. 1, at 3, 10). Meeks argues that § 3624(b) authorizes a potential claim of 320 days earned good time credit, that is 42 days more days than calculated by the BOP, resulting in a projected discharge date in July 2007. (D.E. 1, at 3).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

A federal petitioner seeking relief pursuant to 28 U.S.C. § 2241 must first exhaust her administrative remedies through the Bureau of Prisons.[1] Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994); United States v. Gabor, 905 F.2d 76, 78 n.2 (5th Cir. 1990); United States v. Smith, 869 F.2d 835, 837 n.1 (5th Cir. 1989). Although Meeks has not indicated whether she exhausted her claim through the BOP administrative process, an application for a writ of habeas corpus may be denied on the merits. See Busby v. Dretke, 359 F.3d 708, 722 (5th Cir.), cert. denied 541 U.S.

---

[1] The BOP provides a three-tiered administrative process by which inmates can present a complaint. See 28 C.F.R. § 542.10 et. seq.

1087 (2004).

## STANDARD OF REVIEW

### A.    Federal habeas corpus review.

To warrant federal habeas corpus review, a state prisoner must satisfy two jurisdictional prerequisites: first, that she is in custody, and second, that her claims challenge the constitutionality of that custody.[2]  28 U.S.C. § 2241(c)(3), § 2254(a); see also Gray v. Lynn, 6 F.3d 265, 268 (5th Cir. 1993) (state prisoner seeking federal court review of his conviction pursuant to 28 U.S.C. § 2254 must assert a violation of a federal constitutional right); Boyd v. Scott, 45 F.3d 876, 881 (5th Cir. 1994) (federal writ of habeas corpus is available to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws and treaties of the United States).  Appropriate habeas corpus claims are those that call into question the fact, length, or conditions of the petitioner's custody and seek an immediate or speedier release.  See Preiser v. Rodriguez, 411 U.S. 475, 483 (1973); Jackson v. Torres, 720 F.2d 877, 879 (5th Cir. 1983) (per curiam).

Meeks's claim challenging the BOP's calculation of good time credits affects the length/duration of her sentence, and therefore, is properly brought in this § 2241 action.

---

[2] See 1 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 9.1 (1998) (identifying the two jurisdictional prerequisites as "custody" and "substance, or federal question").

**B.     Summary dismissal under Habeas Corpus Rule 4.**

Rule 4, Rules Governing § 2254 Cases, authorizes dismissal of non-meritorious claims, that is, claims that fail to show that the petitioner is being held in custody in violation of the Constitution or laws of the United States, or claims that are factually frivolous.  See, e.g., Dellenbach v. Hanks, 76 F.3d 820, 822 (7th Cir. 1996) (noting that despite similarities between Rule 4 and Fed. R. Civ. P. 12(b)(6), habeas petition must cross some "threshold of plausibility" before requiring state to answer, not merely allege facts that if proved would establish petitioner's entitlement to relief); Small v. Endicott, 998 F.2d 411, 414 (7th Cir. 1993) (recognizing Rule 4 dismissal if petition fails to state a claim or is factually frivolous); Veneri v. Missouri, 734 F.2d 391, 392 (8th Cir. 1984) (affirming Rule 4 dismissal for failure to exhaust and recognizing claims as nonmeritorious).  To avoid summary dismissal, the facts pleaded must "point to a 'real possibility of constitutional error.'"  Rule 4, Rules Governing § 2254 Cases, advisory committee note (citing Aubut v. Maine, 431 F.2d 688, 689 (1st Cir. 1970)).  It is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer.  Kiser v. Johnson, 163 F.3d 326, 328 (5th Cir. 1999) (district court has the power to screen out frivolous motions and eliminate the burden that would fall on the respondent).  The Rules Governing § 2254 Cases are applicable in § 2241 cases.  Gaitan-Campanioni

v. Thornburgh, 777 F. Supp. 1355, 1356 (E.D. Tex. 1991).

## DISCUSSION

### A. Section 3624(b).

Meeks complains that the BOP has inaccurately calculated her statutory release date because it incorrectly applied the provisions of 18 U.S.C. § 3624(b). Section 3624(b) provides in relevant part:

> [a] prisoner who is serving a term of imprisonment of more than one year, other than a term of imprisonment for the duration of his life, <u>may receive credit</u> toward the service of the prisoner's sentence, beyond the time served, *of up to* 54 days *at the end of each year* of the <u>prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner had displayed exemplary compliance with institutional disciplinary regulations....</u>

18 U.S.C. § 3624(b)(1) (emphases added).

The BOP has promulgated a rule implementing its interpretation of § 3624(b): "Pursuant to 18 U.S.C. § 3624(b) ... an inmate earns 54 days credit toward service of sentence (good conduct time credit <u>for each year served</u>)." 28 C.F.R. § 523.20 (2004) (emphasis added). In addition, the BOP has issued a program statement, Program Statement 5880.28, setting forth its interpretation of § 3624(b) as calculating the credit based on time served.

The Fifth Circuit recently addressed this issue in <u>Sample v. Morrison</u>, 405 F.3d 310 (5th Cir. 2005) (per curiam). In <u>Sample</u>, the petitioner argued that the

5

BOP's construction of § 3624(b) was erroneous and would result in his receiving 98 fewer days of good time credit over the course of his prison term.  Sample, 405 F.3d at 311.  Noting that Sample's projected release date was not until 2012, the Court found his claim was not ripe because the good time credits at issue could not be awarded in advance, but only earned via service of sentence.  Id. at 312.  Because his claim was not ripe, the Court dismissed Sample's appeal for lack of subject-matter jurisdiction.  Id.

However, after assuming for the sake of argument that it had jurisdiction, the Fifth Circuit disagreed with Sample's contention that the plain language of § 3624(b) required calculation of good conduct time based on the sentence imposed.  It found that the purpose of the annual award of good conduct time credit in § 3624(b) was to "*reduce an inmate's prison term incrementally while he is serving it.*"  Sample, 405 F.3d at 313 (emphasis in original).  It further noted that the statute contained no language that would permit a prisoner to receive *additional* good time credit based on the original prison term "as imposed" by the district court, and that it did not provide any method for computing such credit.  Id.

Finally, the Fifth Circuit found that, even if it were to find that § 3624(b) was ambiguous, deference to the BOP's interpretation would be mandated under Chevron U.S.A. v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1994).  Sample, 405 F.3d at 313.  At least three other circuit courts also have applied

Chevron and determined that the agency's interpretation was permissible. See O'Donald v. Johns, 402 F.3d 172, 174 (3d Cir. 2005) (per curiam); Perez-Olivo v. Chavez, 394 F.3d 45, 51-53 (1st Cir. 2005); White v. Scibana, 390 F.3d 997, 1002-03 (7th Cir. 2004);[3] Pacheco-Camacho v. Hood, 272 F.3d 1266, 1270-71 (9th Cir. 2003).

### B. Analysis of Meeks's claim.

In this case, Meeks's projected release date is October 3, 2007. If she were to prevail on her claim, she would be entitled to release 42 days earlier, in July 2007. Like the petitioner in Sample, Meeks's claim is distant and speculative, and is not ripe for consideration. Sample, 405 F.3d at 312. Accordingly, it is recommended that it be dismissed for lack of subject-matter jurisdiction.

Furthermore, Meeks's challenge to the BOP's interpretation of § 3624(b) is identical to Sample's and has been squarely rejected, albeit in dictum, by the Fifth Circuit. Given the reasoning of the Fifth Circuit in Sample and the authorities cited therein, the Court holds that the BOP's interpretation of § 3624(b) as embodied in 28 C.F.R. § 523.20 is reasonable and entitled to deference under Chevron. See Sample, 405 F.3d at 313; see also O'Donald, 402 F.3d at 174; Perez-Olivo, 394 F.3d at 51-53; White, 390 F.3d at 1002-03; Pacheco-Camacho, 272 F.3d at 1270-71. Therefore, pursuant to this alternative basis, it is recommended that Meeks's claim

---

[3] In White, the Seventh Circuit reversed White v. Scibana, 314 F. Supp.2d 834 (W.D. Wis. 2004), which is the principal case that petitioner relies upon in her claim. (D.E. 1, at 3).

should be denied.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Meeks has not yet filed a notice of appeal, this Court nonetheless addresses whether she would be entitled to a certificate of appealability. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."

Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2254 petitioner to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483).

As to claims that the district court rejects solely on procedural grounds, a petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

In this case, it appears that reasonable jurists could not debate the denial of Meeks's § 2241 petition on substantive grounds nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that Payne be denied a certificate of appealability.

## RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that Meeks's action be dismissed as not ripe and for failure to state a constitutional violation. In the alternative, it is recommended that Meeks's claim be denied because the agency's

interpretation is reasonable and entitled to deference under <u>Chevron</u>.

Moreover, the petitioner is not entitled to a certificate of appealability as to her claim, and it is recommended that the Court not grant a certificate of appealability.

Respectfully submitted this 13th day of June 2005.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C), and Article IV, General Order No. 2001-6, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (1996) (en banc).